Mason *v.* Cronise.

| 20 | 211 |
| 99 | 171 |

## MASON *v.* CRONISE.

THE defense of the Statute of Limitations may in our practice be presented by demurrer, where it appears from the complaint that the period of limitation has elapsed since the plaintiff possessed the right of action, and no facts are alleged taking the demand from the operation of the statute.

*Smith* v. *Richmond* (19 Cal. 476) and *Barringer* v. *Warden* (12 Id. 311) affirmed on this point.

Judgments recovered in the Courts of this State are within the first subdivision of the seventeenth section of the Limitation Act, and actions thereon are barred by the lapse of five years from the time they are rendered.

APPEAL from the Twelfth Judicial District.

This was an action brought in the District Court of the Twelfth District, to recover a balance due on a domestic judgment recovered in the Fourth District Court of this State, on the fourth day of April, A. D. 1853. No promise to pay within five years, nor any other circumstance to take the case out of the Statute of Limitations, is set up in the complaint. The defendant demurred, on the ground that the complaint did not state facts sufficient to constitute a cause of action. The Court gave judgment for the plaintiff on the demurrer, which judgment, having become final, is now appealed from. The following is the opinion given by the Judge of the Twelfth District Court, upon the decision of a similar case, and which formed the basis of his decision in this case:—

" 1. Defendant demurs to the complaint, and relies on the Statute of Limitations, presenting the single point whether domestic judgments are included within the seventeenth or nineteenth section of that Statute. This statute was passed on April 22d, 1850. Sec. 17 reads: ' Within five years, an action upon a judgment or decree of any Court of the United States, or of any State or territory within the United States.' While this language would include California as a ' State within the United States,' it is not the ordinary language in which that idea would be conveyed.

" The section then proceeds: ' Within four years, an action upon any contract, obligation or liability, founded upon an instrument of writing, except those mentioned in the preceding section.' This ' preceding section ' is section sixteen, but the evident meaning is the preceding clause of section seventeen, and I so read it. Sec. 19 reads: ' An action for relief not before provided for, must be commenced within four years after the cause of action shall have accrued.'

" On the same day the Civil Practice Act was passed. Sec. 173 provided ' that the party in whose favor judgment shall be given, may at any time within five years after the entry of the judgment, proceed to enforce the same as provided by that act,'—referring to the issuing of execution.

" 2. Sec. 174 authorized ' the issuing of an execution after the

lapse of five years (without limit) by leave of the Court, on motion, on the oath of the party, or other proof, that the judgment or some part of it remained due.'

" These two sections are substantially the same as the corresponding sections of the Practice Act of 1851, except that the Act of 1850 required notice to the opposite party, which was omitted in the latter act.

" In the five hundred and thirty-second section of the Act of 1851, the attention of the Legislature is directly called to the question of limitations as applied to particular causes of action.

" 3. If the view contended for by defendant be correct, that the five years' clause of section seventeen includes domestic judgments, then this anomaly would be presented, that the Legislature on the same day determined that the same judgment should be void and insufficient as a contract or cause of action, and at the same time sufficient to support an execution to be issued upon it on the mere oath of the party that something was due.   You shall not, in the solemn form of an action, determine whether the judgment is paid, because our Statute of Limitations pronounces the judgment null and void, and no cause of action; but you may by summary oath of the party decide that very question, because if anything is due, the Practice Act makes the judgment good for an indefinite period beyond five years.

" 4. A judgment is a contract as well as a record.   (10 Cal. 305.)   While therefore it is a record to support an execution, it must also be a contract to sustain an action, unless most unequivocally declared otherwise by statute.

" Statutes relating to the same subject matter must be so construed that all parts of them may, if possible, stand consistently together.

" For these reasons, I do not think the Legislature, on the twenty-second of April, 1850, intended to include domestic judgments within the five years' clause of section seventeen.

" But it is urged that such judgments are within the four years' clause of that section, (and they would certainly appear to come within its language) or if not, then within section nineteen.

" 5. But here we are met by a still greater inconsistency than

under the five years' clause. That the Legislature meant to say : "You shall not bring the action after four years, because the judgment is void from lapse of time ; but you may issue your execution for a whole year longer, because the judgment is in full force *for a year longer.*'

"I conclude, therefore, that neither of those sections was intended by the Legislature, *at the time of the passage of this act,* to include domestic judgments.

"How then is this view affected by the repeal of sec. 214 of the Practice Act of 1851 ?

"6. The true question is, what did the Legislature mean by the Limitation Act, on the twenty-second of April, 1850 ? We arrive at their meaning, in part at least, by their cotemporaneous legislation. But a part of that cotemporaneous legislation is since changed. Be it so ; it was in force long enough to shed its light on the point at issue. Had they meant to have affected or changed their construction of another statute than that directly in part repealed, they would probably have so declared.

"Perhaps the only effect of that repeal is to compel a party to bring his action after five years, instead of resorting to the former summary method.

"The case of *Bryan* v. *Stidger,* (17 Cal. 270) decided in January term last, and holding that notice of motion was not required in order to obtain leave to issue execution, probably led in the following April to the repeal of sec. 214.

"7. It is contended that the Supreme Court, in *Quivey* v. *Hall, Adm'r,* (19 Cal. 97) have directly decided this point; and if that be so, of course it is no longer open to question here ; but I do not so understand it.

"After using language certainly holding that the lapse of five years is a bar to an action on such judgment, they proceed—but we think this doctrine has no application here—'it was not the point on which their decision rested ;' it had 'no application' to it.

"I therefore read that case as if it said : 'Assuming that five years is the statutory bar to suits on such judgments, this case must turn, not on that statute, but on the Probate Act ;' and I do not consider it a direct authoritative decision on this point."

*John H. Dwinelle* and *H. P. Hepburn*, for Appellant.

I.   The point that the Statute of Limitations had attached, was properly raised by demurrer. (*Barringer* v. *Warden*, 12 Cal. 311; *Smith* v. *Hall*, 19 Id. 85; *Smith* v. *Richmond*, Id. 476.)

II.   Sec. 17 of the Statute of Limitations, Laws of 1850, page 345, provides as follows : " Actions other than those for the recovery of real property can only be commenced as follows: within five years, an action upon a judgment or decree of any Court of the United States, or of any State or territory within the United States." This language is very comprehensive, and it would seem that California, being a State within the United States, the limitation of five years attaches to judgments of its Courts.

An action would therefore lie upon such a judgment within the five years. The statute also gave a further remedy, namely, an execution of course within five years.   (Pr. Act, sec. 209.)

III.   But it is said, if the Statute of Limitations attaches to a domestic judgment after five years, what was the consistency in allowing an execution on such a judgment after five years under section one hundred and seventy-four of the Practice Act of 1850, and section two hundred and fourteen of the present Practice Act, when the judgment was in effect dead ?   And this the learned Judge of the Twelfth District Court pronounces to be anomalous. But we contend that no such anomaly exists.   There are cases in which an action can be sustained on a domestic judgment, after the period prescribed for limitation has expired.   A judgment is a contract, (*Scarborough* v. *Dugan*, 10 Cal. 307) and an acknowledgment or promise to pay, in writing, would therefore take it out of the statute.   (Statute of Lim., Laws 1850, sec. 31.)   In such a case, then, there would be a cause of action based on the judgment, although the period prescribed by the statute for limitation had expired.   And in precisely such a case did the former Practice Act of 1850, sec. 174, and sec. 214 of the present Practice Act, allow executions to issue after five years.   For, in both cases, it was necessary to show by proof, not only that the judgment remained " unsatisfied," but also that it was " due ;" that is, that for some reason the Statute of Limitations had not attached.   " Such

leave shall not be given unless it shall be established by oath of the party, or other proof, that the judgment, or some part thereof, remains unsatisfied *and due*." See both these sections, in which this language is identical.

The fact that section two hundred and fourteen of the present Practice Act gave the plaintiff his execution on an *ex parte* showing, has nothing to do with the principle at issue. Of course, an execution so obtained might be set aside on the merits, on an application made for that purpose ; or, if the case appeared doubtful, the Court would allow the execution and levy to be retained, staying proceedings while the plaintiff brought an action on his judgment, which is the practice where a plaintiff wishing to attack a bankrupt's discharge, issues execution and makes a levy under his judgment. (*Bangs* v. *Olcott*, 1 Denio, 619.)

All therefore that can be said on the subject is, that the Legislature, in allowing an execution on a judgment after five years, merely authorized it to issue on the same *prima facie* case which would support an action on such a judgment after the period prescribed for limitation had elapsed.

IV.    The case is decided by *Quivey* v. *Hall* (19 Cal. 97). If the Statute of Limitations on a domestic judgment did not attach in five years, the Court in that case would not have resorted to fractional computation in order to show that the case was not affected by the statute. Section two hundred and fourteen of the Practice Act was repealed by the Legislature in 1861, for the reason, doubtless, that an execution issued upon an *ex parte* application of the plaintiff was thought too stringent, and that it was better that he should be left wholly to an action upon the judgment, even in those cases in which an action would lie after the lapse of five years.

V.    The authorities in New York do not apply to this case. There the limitation of actions upon judgments is twenty years. (Voorhies' New York Code, Ed. 1860, sec. 90.) And no action could be brought upon a domestic judgment except by leave of the Court, on motion, and upon notice to the adverse party. (Id. sec. 70.) Even there executions could not issue after five years except by leave of the Court, upon motion, after personal notice to the adverse party. (Id. secs. 283, 284.) Nor is the language of our Statute of Limitations found in those of any of our sister States.

Mason *v.* Cronise.

*Earl Bartlett,* for Respondent.

I.   The question as to the Statute of Limitations was not properly raised by demurrer.

It may be that under the law as it stood before a replication was authorized, it might be necessary for the plaintiff in his complaint to anticipate the defendant's defense ; but as it stands now, it seems to be the very object of the replication to meet the defenses that the defendant may set up.   (*Way* v. *Sperry,* 6 Cush. 241.)

II.   The statute does not apply to domestic judgments.   (Angell on Limitations, 82, *et seq.;* 13 Pet. 312; 5 Johns. 132; 11 Id. 168.)   For argument on this point, reference is made to the opinion of the District Judge.

FIELD, C. J. delivered the opinion of the Court—NORTON, J. concurring.

This action is brought to recover a balance alleged to be due upon a judgment of the District Court recovered in April, 1853.   It was commenced in February, 1862, nearly nine years subsequent to the entry of the judgment.   The defense rests upon the seventeenth section of the Statute of Limitations, which provides that " an action upon a judgment or decree of any Court of the United States, or of any State or territory within the United States," can only be commenced within five years after the cause of action has accrued, and is presented by the demurrer.   The defense may be thus presented in our practice, where it appears from the complaint that the period of limitation has elapsed since the plaintiff possessed the right of action, and no facts are alleged taking the demand from the operation of the statute.   (*Smith* v. *Richmond,* 19 Cal. 476 ; *Barringer* v. *Warden,* 12 Id. 311.)   In the present case the complaint only alleges the recovery of the judgment, the application of certain proceeds to its payment, and that the balance still remains due and unpaid, with interest thereon.   No facts are stated to obviate the running of the statute, if the section cited applies to actions upon domestic judgments.   It is contended by the respondent that the section has no such application, and so the. Court below held.

15

In this respect we are of opinion that the Court erred. The section does not, in terms, except judgments recovered within the State; but, on the contrary, its language embraces the judgments and decrees of any Court " of *any* State or territory within the United States." It would seem, according to the natural import of the words used, that there could be no question as to the application of the section to domestic judgments. The argument in support of the opposite view is, that such an application produces an inconsistency between the section and the two hundred and fourteenth section of the Practice Act, which authorizes an execution to be issued upon a judgment after the lapse of five years, upon leave of the Court. It leads to the anomaly, says the Court below, of the Legislature determining that a judgment shall not be a cause of action after the lapse of five years, and at the same time allowing an execution to issue upon it after that period, upon the oath of the party. And this anomaly is supposed to be increased, from the fact that the section of the existing law was taken, substantially, from a section in the Practice Act of 1850, which was passed on the same day with the Statute of Limitations.

There is, perhaps, something which at first appears a little singular in the legislation allowing the issuance of an execution after the lapse of five years, and denying the right of action upon the judgment after that period. But there is nothing so inconsistent in it as to require any forced construction of the language of either of the two sections. The seventeenth section of the Limitation Act, as we have intimated, embraces in its terms domestic judgments; and that it was the intention of the Legislature to include all judgments, both foreign and domestic, is further evident from the fact that the nineteenth section of the same act fixes the limitation to causes of action not previously designated, at four years. If, then, foreign judgments only are included within the seventeenth section, actions upon domestic judgments have a still shorter period of limitation. We are of opinion that no such distinction between the two classes of judgments was contemplated by the statute in question. The Legislature has there declared that actions upon judgments may be brought within a designated period; but it has not declared that domestic judgments shall, after that period, be in-

capable of enforcement. It has by another act provided for their enforcement afterwards in a certain mode—by execution, which is to be issued only upon the establishment of certain preliminary facts —as that the judgment continues unsatisfied and due; that is, remains undischarged and of binding obligation upon the debtor. The section in the Practice Act was evidently adopted inadvertently —the Legislature not bearing in mind, at the time, the provisions of the Limitation Act. The section has since been repealed.

It follows that the judgment of the Court below must be reversed, and that Court directed to enter final judgment for the defendant upon the demurrer.

Ordered accordingly.