## BONNIFIELD *v.* PRICE.

STATUTE OF LIMITATIONS.—While the statute of limitations of Wyoming territory provides that a cause of action, barred by the statute of the state or territory in which it arose, is also barred in Wyoming, yet if it conclusively appears to the court that the defendant has been for such a length of time absent from such state, where the cause of action originated, as to prevent the statute of limitations running there, such absence will also prevent the statute running here, and the court should so hold.

DEMURRER.—Where a demurrer in one action was sustained to the plaintiff's petition, for the reason that it appeared from the face of the petition that the cause of action was barred by the statute of limitations, and a second action was commenced for the same cause of action, but with the petition so drawn as not to raise upon its face the question of the statute of limitations: *Held,* that the judgment upon the demurrer in the first suit was no bar to the second proceeding.

ERROR to the First District Court for Laramie County.

This action was commenced in the district court of Laramie county, in November, 1874, by the plaintiff in error against the defendant in error, on a judgment recovered against the defendant and one Joseph Tyson, in the state of California, in the year 1861. The petition alleges that there was remaining unpaid of said judgment, on the fourteenth day of December, 1861, a balance of one thousand seven hundred and sixty-five dollars and seventy-one cents, and that said amount, with interest at two and a half per cent. per month, still remains due. Judgment is prayed for said amount, with interest. The petition also avers that the action is not barred by the statutes of limitation of California or Wyoming, because the defendant has not been within the state of California or the territory of Wyoming for five years since the rendition of said judgment. The amended answer contained a general denial of petition, and plead in bar to the action a judgment rendered in said district court in favor of defendant and against the plaintiff on the thirteenth day of June, 1874, and the statutes of limitation of California and Wyoming.

The evidence on the trial of the issues raised by the

pleadings showed that the judgment was recovered against the defendant Price and one Joseph Tyson in the state of California, and that the balance remained due and unpaid, as averred in plaintiff's petition; that the defendant Price had not been in the state of California or the territory of Wyoming for five years since the rendition of the judgment, but that for most of the time since the rendition of said judgment he had been absent from the state in the military service of the United States.

The evidence also showed that an action was commenced on the same judgment in the said district court at a previous term, as averred in the defendant's answer; that a demurrer was filed to the petition in the previous action, and that judgment was given on said demurrer for defendant Price, which judgment or demurrer still remained in full force. The statutes of limitation of California were offered in evidence, to which reference is made in the decision of the court. The judge before whom the case at bar was tried instructed the jury that they should find for the defendant Price. This instruction was based solely on the statutes of limitation of California and Wyoming.

The jury that tried the case in accordance with the instructions of the court found for the defendant. After a motion for a new trial was overruled by the court, judgment was rendered on the verdict for the defendant.

The other facts in the case sufficiently appear in the decision of the court.

*E. P. Johnson,* for plaintiff in error:

I. The statute of California provides that during the time the debtor is out of the state the statute of limitations does not run, and that time shall not be computed, etc. It is conceded that Price was out of the state most of the time since the rendition of the judgment, but section 19, article XI, of the Constitution of California is relied on to avoid that exception of the statute; Price being absent in the military service of the United States. But that constitutional

provision is to the effect that such absence shall not affect
the question of residence; whereas in that state, as in most
others, the running of the statute of limitations does not
depend in any sense upon that question, and is therefore
unaffected by the constitution.    That such was·the received
construction of the English statutes of James and Anne,
and that they applied to subjects of the realm and foreigners
alike, as well to those who were out of the realm when the
cause of action accrued, as to those who were within the
realm and departed therefrom without any reference to
change of residence, but simply to the question of presence
or absence of the party, is settled by authority that is over-
whelming and admits of no question: Angel on Lim., secs.
194, 204, 206; 3 John, 263.   So in the states where equiva-
lent or analogous expressions are used, as "out of the
state," instead of "beyond the seas;" the statutes are sup-
posed by the authorities to mean just what they say, and
they so hold.   The question of residence or citizenship does
not enter into the discussion except incidentally.   The su-
preme court of the United States, and most of the state
courts, hold the words "beyond the seas," when used in
the state statutes, to mean and be equivalent to "out of the
jurisdiction of the state": Angel on Lim., sec. 200; Nash Pl.
& Pr. 15; 3 Cranch, 174; 3 John, 263-7; 1 Ill. Dig. 363,
sec. 59; 16 Ohio, 145; 1 Iowa, 498; 16 Cal. 93.   And in
several states successive absences from the state are counted
out of the time limited, on the principle that under the
statute the parties should be in such position that the cred-
itor has for the full time limited an opportunity to enforce
his claim by suit.   In a number of the states, as in Ver-
mont and New York, a party to have the benefit of the dis-
ability of defendant, must show not only that he is out, but
that he resides out of the state, thus by statute making it a
question of residence.   And in some of those states the
courts·hold that while parties have a legal residence in the
state, absence constitutes a residing out of the jurisdiction
within the meaning of the statute of limitations.

II. The evidence shows that the judgment sued on was dormant in California, and could not be enforced by execution or other process. Hence it was claimed (and the court so held) that it furnished no cause of action upon which there could be a recovery. Is the judgment dormant? It is, however, confidently claimed that the position is erroneous. At common law a judgment becomes dormant and could not be enforced by execution after a year and a day. The effect of the California statute is to extend the time. The error consists in supposing that a judgment is snuffed out of existence for all purposes, simply because it is dormant, whereas questions once adjudicated cannot again be tried. A judgment is always a cause of action from the moment of its rendition, and may be enforced by suit until bound by the statute of limitations: Broom's Leg. Max. 327; Bigelow on Estoppel, 7; 3 Black. 421; Freeman on Judgments, sec. 432; 16 Cal. 373.

III. The judgment rendered in the first case commenced on this judgment was no bar to this suit, as none of the matters in controversy here were adjudicated in that suit. It was simply a judgment that the former petition on its face did not state a cause of action. The only question decided was that the petition was bad, and that the supreme court affirmed that judgment. A judgment on demurrer, where the merits of the action are not involved, is no bar to a subsequent adjudication of the merits of the case: Freem. on Judg. 212 to 231; 2 Smith's Lead. Cases, 808; *Clark* v. *Young*, 1 Cranch, 181.

*D. McLaughlin*, for defendant in error.

There is really but one error alleged and set forth, and that is the first one enumerated. There could be no recovery in this action for the following reasons:

I. There was a former adjudication of the same subject-matter between the same parties and hence the former decision was a bar. 1. The judgment of a court of competent jurisdiction is not only final as to the matter in controversy

and actually determined, but as to every other which the parties neglect to litigate in the cause and which they might have decided: ——— v. *Howe*, 2 Barb. 586; *Southgate* v. *MacGurney*, 1 Page, 41, 3 Comst. 522, 3 Denio, 243; *Hays* v. *Reen*, 34 Barb. 156; *Harris* v. *Harm*, 36 Id. 94; *Foster* v. ———, 50 Id. 393.

2. A judgment extinguishes the demand, and if the plaintiff brings two actions for the same cause, a judgment in one is a good bar to the other: *Nichols* v. *Mason*, 21 Wend. 339; *White* v. ———, Seld. 137; *Castle* v. *Myers*, 4 Kent, 329; see 2 Abb. N. Y. Dig. 185 n. 10, 11, 12; Freem. on Judg. secs. 215, 216.

3. A former judgment on demurrer is a bar: ——— v. *Davis*, 3 Denio, 238; *Cleamates* v. *Meredith*, 1 Wall. 25; *Aurora City* v. *West*, 7 Id. 82; *Goodrich* v. *City*, 5 Id. 573; Freem. on Judg. sec. 267.

4. There is a well marked difference between an order of the court and a judgment: see Code of Wyoming, 73, sec. 509. Every decision of a judge or court made as entered in writing, and not included in a judgment, is an order. Sec. 377 reads: A judgment is the final determination of the rights of the parties in action.

An action sustaining a demurrer is not necessarily a judgment that finally determines the rights of parties. The party whose pleading is demurred to may be permitted to amend in some defective particular on such terms as the court may deem just, or if not susceptible of amendment, the action may be dismissed by the plaintiff whose petition may have been demurred to, and the demurrer sustained, and a new action begun, because there really has been no decision of the cause of action in a judgment; when, on the whole state of facts presented in a petition, no cause of action is stated, there can be no cause of action by an amendment.

If the plaintiff in such a case, in invoking a final judgment of the court by alleging error and taking exceptions and pressing the case to judgment, instead of dismissing his action and commencing anew, he ought to be made to un-

derstand that a final judgment of the court on a demurrer is of some utility, and not merely an idle declaration that has no perceptible effect in any way, except to compel the opposite party to attend court at great cost and inconvenience. If the judgment first rendered in this case is not a bar, of what earthly value is it to any one, and what potency has the supreme court in offering it in all things? If the court had decided adversely to the defendant on the demurrer, he would be bound by the decision. The plaintiff should be equally bound by its judgments.

II. The cause of action was barred by the laws of California, and therefore by the laws of this territory, long prior to the commencement of this action, for these reasons:

1. The constitution of the state of California (Art. II., sec. 4, par. 109, Hittell's Laws) provides that the political rights of no person shall be affected by reason of their being in the army or navy of the United States.

2. In addition to this guarantee, the same constitution provides (Art. XI., sec. 19, par. 220, Hittell's Laws): "Absence from this state on the business of the state, or of the United States, shall not affect the question of residence of any person."

The first of these guarantees relates to political rights of persons, and the second to all other rights depending on the residence of the party in that state who may depart the state on the business of the state or of the United States. The question of his residence shall not be affected in any manner, directly nor indirectly.

This is but a formal recognition in the fundamental law of that state, of the well known principle, that a soldier or sailor retains the residence he had when he entered the army or naval service, and is not competent to gain a residence elsewhere while he continues in service.

They are not free agents, and their movements from place to place are not voluntary. Obedience to the orders of superiors are exacted by the rules and by discipline, and all persons in the army and navy retain the political and

civil rights they possessed when they went into either branch of the service. It would be contrary to public policy to hold otherwise.   By plaintiff's own showing the defendant Price was a resident of California from 1850 until 1862. He entered the service of the army in September, 1861, and left the state by order of Brigadier-general Wright in April, 1862, on the business of the United States, and his absence in the military service has been continuous, except passing through the state en route to Arizona, under military orders, in 1872.   His residence remains intact, and he is now, and has continued to be, since April, 1862, a resident of that state.   This case, tried, as the records show, upon this petition, and the verdict rendered upon the pleadings and the proofs, on the thirteenth day of November, 1874.

The plaintiff on the following day filed an amended petition, in which the subject of Price's residence is entirely left out, and one allegation substituted, that defendant was not within the state of California or the territory of Wyoming for the period of five years since the entry of the judgment sued upon.   No issue could be taken on this allegation by defendant, as the action had been determined the day before in defendant Price's favor.   Even had the allegation in the petition on which the case was tried been made in time, it would not help the plaintiff's case, for these reasons:

1. A money judgment in California at the date of the rendition of the judgment, nor at any time since, was what, in legal parlance, is known as "a cause of action:" Cooley's Com. 47, 48; 1 Kent, 475.

2. A cause of action is the right a party has to institute proceedings in a court and carry them through to judgment.

3. "A judgment is the final determination of the rights of the parties in an action or proceedings:" Hittell's Laws, par. 5084, sec. 144, Pr. Act.

4. When the judgment requires the payment of money * * * the same shall be enforced * * by execution:

Hittell's Laws, part. 5153, sec. 213, Pr. Act. No other process is known in that state.

5. "The party in whose favor judgment is given may at any time within five years after entry thereof issue a writ of execution for its enforcement:" Hittell's Laws, par. 5149, sec. 209, Pr. Act. "Every process which may be required to completely enforce a judgment must be taken out within five years after its entry:" *Bowen* v. *Crary,* 30 Cal. 621; *Mann* v. *McAtee,* 37 Cal. 15.

6. The execution on a money judgment in that state could only run against the property of the judgment debtor, and might be enforced against the personal property, and that proving inadequate to satisfy it, his real estate could be levied upon: Hittell's Laws, par. 5150, sec. 210, Pr. Act. The fact that defendant Price was either within or without the state for five years after the rendition of the judgment could in no way affect the judgment. The process of execution could have been issued, at any time prior to the nineteenth day of September, 1866, against his property for the enforcement of the judgment; but if it was not then in the language of the supreme court of that state in the case of *Mann* v. *Mc- - Atee,* 37 Cal. 15, the judgment became defendant's, and the remedy on it barred by the lapse of time.

If the defendant did not have property in the state subject to execution at any time within the five years, that is a misfortune that the law does not provide against. It will give a party his judgment and the process to enforce it, but does not undertake to furnish property for defendant to satisfy the execution against them. It is proper here to state that previous to April 8th, 1861, the practice act of the state of California contained a section (214) that permitted an execution to issue after the lapse of five years on leave of the court, when the party made an affidavit that some part of the judgment remained unsatisfied, and was done on that date. This section was repealed on the second of April, 1866. The section was re-enacted in this modified form: "In all cases other than for the recovery of money the judg-

ment may be enforced or carried into execution after the lapse of five years, by leave of the court:" Parker's Laws, par. 9129, sec. 214, Pr. Act.  Judgments for money are expressly reserved from the operation of this section.  In concluding the second point raised, that the cause of action sued on in the district court here was barred by the laws of California, and therefore by the laws of Wyoming.  I refer to section 19 of the code of this territory; to Hittell's Laws, par. 4359, section 17, Pr. Act, 1; and to the following adjudicated cases in the supreme court of the state of California: *Mason* v. *Cronin,* 20 Cal. 221; *Bowen* v. *Crary,* 30 Cal. 621; *Mause* v. *McAtee,* 37 Cal. 11.

III.  That the judgment sued upon in this case has been defunct since the nineteenth day of September, 1866, and could not be enforced in that state after that time, nor be the basis of an action in the courts of any other state or territory.  By the act of congress of the twenty-sixth of May, 1790, the judicial proceedings of the courts of any state shall have such faith and credit given to them in every court within the United States, as they have by law or usage in the courts of the states from whence the records of such judicial proceedings are taken: Brightley's Digest, vol. 1, p. 265.  If, therefore, the judgment sued upon in this case was defunct in California at the commencement of this action, no action could be.  The judgment can have the same faith and credit here that it would be entitled to in the courts of California and no more.  The courts of that state say that every process necessary to enforce its judgments must be taken within five years after the date of its entry: *Bowen* v. *Crary,* 30 Cal. 62.

That money judgments shall be enforced by execution, and this is the only process known to their laws to enforce them: Hittell's Laws, Pr. Act, secs. 209, 210 and 213.  That after the lapse of five years from the date of entry of a money judgment, it becomes defunct and all remedy is barred: Parker's Laws, 9129, sec. 214; *Mann* v. *McAtee,* 37 Cal. 15.  The statutes of limitation are statutes of repose:

*Spinney* v. *Gray*, Mason's C. C. Rep. 523; opinion of supreme court of the United States, case *Leffingwell* v. *Warren*, 2 Black's Sup. Court Rep., p. 599.

The defense of the statute of limitations, is a legal defense, and stands on an equal footing with other statutory defenses and is not to be discriminated against by the courts: *Shelden* v. *Jackson*, 41 Barb. 55.

By the Court, CAREY, J.  It is clear from the laws of California offered in testimony and the other evidence in the case, that the judgment upon which this suit was commenced in the district court was dormant and could not, from the lapse of time, be enforced in the state of California by execution.  Indeed this point has not been contested.  The questions then arise, can an action be maintained upon a judgment; and if so, was the action commenced in the district court in this case barred by the statutes of limitations of California or Wyoming ?  A judgment is a contract of record, and falls under the head of contracts by specialty: Chitty on Contracts, 2; 1 Parsons on Contracts, 7.  It appears to be settled by numerous decisions that a judgment is such contract as may be made the basis of an action in the jurisdiction where recovered.  Though adverse decisions may be found, yet Freeman on Judgments says that the true rule is that an action may be brought on a judgment and that no other reason need be stated for bringing such suit than that the judgment remains unpaid.  The right to bring the action is not barred nor suspended by the issuing of an execution, nor because the right to take out an execution exists.

This was the rule at common law, and has been adopted by most of the states: Freeman on Judgments, 432 *et seq.;* 4 Conn. 402; 28 Id. 112; 20 Johns. 342; 9 Id. 26; 16 Id. 372.  It has been expressly decided in the California case referred to that an action may be maintained in that state on a judgment, and that, too, after the right of execution is gone by lapse of time.  It is contended that this

decision was based upon a statute of California now re-
pealed, but on a careful examination of the decision we find
the decision is not based on a statute, but on the rule as it
existed at the common law, and the dictum of the case of
*Mason* v. *Cronin*, 20 Cal. 211, supports the same rule.

The next question presented is: Was this action barred by
the statutes of limitations of California or Wyoming? Sec-
tion 4359 of the laws of California, 1850–1854, provides
that: "An action upon a judgment or decree of any court
of the United States, or of any state or territory of the
United States," can only be commenced within five years; but
section 4364 of the same laws provides that if, after a cause of
action shall have accrued against a person, he depart the
State, the time of his absence shall not be part of the time
limited for the commencement of the action. Section 19 of
the code of civil procedure, laws of Wyoming, 1873, makes
the provisions of the laws of California cited applicable in
this case.

The supreme court of California in the case of *Mahan* v.
*Cronin*, 20 Cal. 211, held that the portion of said section
4359 cited was applicable to judgments recovered in the
state of California. It cannot be contended under the evi-
dence in the trial of the case in the court below, that the
defendant Price was in the state of California between the
time of the rendition of the judgment and the commence-
ment of this action in the district court for the period of
five years, or for periods of time that would aggregate five
years.

It is true that it is shown that his absence was caused by
his being employed in the military service of the United
States, and the court is referred to section 4, art. 2, and
section 19, art. 11, of the constitution of the state of Cal-
ifornia. The first of the references provides that for the
purpose of voting no person shall be deemed to have gained
or lost a residence by reason of his employment in the serv-
ice of the United States, and the second reference provides
that absence from the state, on business of the state or of

the United States, shall not affect the question of residence of any person.

We cannot see how these constitutional provisions affect the question. It is not a question of political rights, nor of residence, but a question of presence in or absence from the state, and the provisions of the constitution cited have no reference whatever to the statutes of limitation under consideration. To obtain the advantage of the statutes of limitation of California, one need not be a resident of the state, but it is necessary for him to be in the state, and subject to the process of the courts, for the time limited in the statutes. Nor does the being a resident and citizen of the state give such resident and citizen any advantage under the statute of limitation not possessed by the non-resident. If a resident or non-resident, after the right of action has accrued against him, leave the state, the statute of limitation ceases to run until his return to the State.

Reference is made to the case of *Brown* v. *Crowny*, 30 Cal. 621, and *Mause* v. *McAtee*, but both of these cases have reference to the time in which execution may issue to enforce a judgment in the state of California, concerning which no question is raised in this case.

The remaining question presented for the determination of this court is, was the action barred by the previous action and judgment (case *Bonnifield* v. *Price*, decided at the last term of this court)? We are of the opinion that the action and judgment in the previous case were properly held by the district court not to be a bar to this action. It is true the previous suit was commenced on the same judgment as the case under consideration, but it appeared upon the face of the petition in the previous action that the action was barred by the statute of limitations. This defect in the petition was taken advantage of by a demurrer, and judgment was rendered on the demurrer. In the case at bar the petition contained an averment showing that the action was not barred by the statute of limitations.

No one of the questions presented in the previous case

was again adjudicated in the case at bar, nor was the case in the previous action determined upon its merits. A judgment on a demurrer to a petition is only conclusive of those questions necessarily determined by such demurrer. The effect of the judgment and the demurrer was merely to determine that the petition in the former action did not state sufficient facts to constitute a cause of action. In the action at bar the petition does state facts sufficient to constitute a cause of action, and the plaintiff was not estopped from prosecuting the action by the previous action and judgment.

Judgment of the district court reversed and cause remanded for new trial.