PRITCHARD v. WOODRUFF, TREASURER.

1. PLEADING: *Matter of judicial notice.*
   In a petition for mandamus to compel the treasurer to refund money erroneously paid into the treasury, "out of the appropriation for refunding moneys erroneously paid," it is not necessary to allege the appropriation. That is matter of judicial cognizance; but it *is* necessary to allege that the sum demanded will not more than exhaust the appropriation.

2. RES JUDICATA: *Judgment on petition for mandamus.*
   Where no issues are made upon a petition for mandamus, and it is heard as upon demurrer, its refusal for want of sufficient facts will not bar another petition upon a different statement of facts.

3. MISTAKE OF LAW: *Money paid under, etc.*
   Though it is a general rule that money paid under a mistake of law can not be recovered in an action, yet that does not preclude the state from refunding to her citizens money erroneously paid her, in any way.

APPEAL from *Pulaski* Circuit Court.
Hon. J. W. MARTIN, Circuit Judge.

*U. M. Rose, Z. P. Farr,* for appellant:
Cited *Acts of* 1879, *p.* 103, *sec.* 33.

Former petition bad, as made more than ten years after the appropriation. *Const., Art.* V, *sec.* 29, and because it did not show that there was money in the state treasury properly appropriated.

Former decision not on the merits and no bar. 25 *Cal.,* 272; 20 *N. H.,* 260; 19 *ib.,* 211; 15 *Iowa,* 32; 20 *Texas,* 612. Besides the new appropriation raised the right.

*C. B. Moore,* Attorney General, for appellee:
Submitted the points to the court without contest.

### STATEMENT.

EAKIN, J. This is an application for a mandamus. On the ninth of July, 1859, Weaver purchased from a land agent of the state certain seminary lands, giving notes therefor amounting to $1,280, and receiving a certificate of purchase, which, on the second of June, 1862, he assigned to Pritchard, who, on the eighth of August following, paid the purchase money to the state and received a deed.

Supposing that the payment and deed, so made and executed, were illegal, as having occurred whilst the state was acting with the Confederate States of America, and that they would not sustain his title under the reconstructed government, Pritchard, on the twenty-eighth day of May, 1873, paid the money again and received a new deed from the governor.

After the adoption of the constitution of 1874, it was held by this court, following the decision of the supreme court of the United States, that all the acts of the state authorities during the civil war, in the discharge of their ordinary duties, and not hostile to the United States or its constitution, were valid. At the time, however, when the second payment was made, the state authorities held differently.

Pritchard, on the tenth of June, 1879, applied to, and obtained from, the auditor of the state, a warrant certifying that there was due him from the state said sum of $1,280, and directing the treasurer to pay it "out of the appropriation for refunding moneys erroneously paid into the state treasury," indorsed "pay in state scrip." This the treasurer refused to do, and on the thirteenth, Pritchard applied to the circuit court for a mandamus, setting forth the facts above recited. The treasurer was notified, and appeared by the attorney general. The cause was heard upon the petition itself, without answer, as if upon de-

murrer, and, upon the twenty-ninth of the same month, the court refused to grant the petition. Exceptions were noted, but no appeal prayed.

In the following October, Pritchard presented to the same court another petition, the same now in judgment, based upon the same warrant, and alleging substantially the same facts as before, with the additional recital that the legislature had, on the eighteenth of March, 1879, appropriated the sum of ten thousand dollars "for refunding moneys erroneously paid into the state treasury," etc., and the allegation that there was more of the said appropriation unexpended than would suffice to pay petitioner's warrant.

The treasurer appeared and pleaded the former judgment; denied the second payment, " as stated in the complaint," and submitted that the auditor had no authority to draw the warrant.

Upon hearing, the court declared the law to be:

1. That the act of the general assembly was only intended to apply to cases where money had been paid under a mistake of fact, and not to a case of payment made under a mistake of law, or as to the legal liability of the person making such payment; and

2. That the petitioner was concluded by the former adjudication between the same parties.

The mandamus was again refused, with judgment against petitioner for costs. He moved for a new trial, on the ground of errors in the declaration of law, which being refused, he appealed.

OPINION.

1. PLEADING Matter of judicial cognizance —Legislative appropriation.
Considering the second declaration, as first in order, it does not appear upon what grounds the former petition was refused, or that the cause was heard upon its merits. It was not necessary that the first petition should set forth

the appropriation for refunding moneys, etc. That was matter of judicial cognizance. But the petition should have alleged, as the second did, that the amount of the warrant, when drawn, would not more than exhaust the appropriation. Otherwise, it would have been in violation of law. *Gantt's Digest, sec. 2786.*

This petition should have been dismissed as not showing, affirmatively, facts sufficient to invoke the compulsory powers of the court, without any regard to the intrinsic merits of the claim. It may be proper to refuse a mandamus to an officer under an existing state of circumstances, which, being changed, would make it right. The judgment rendered was, in effect, that, then on the showing made, the court would decline to interfere with the action of the treasurer, but does not preclude the right of the holder of the warrant to demand payment at some other time, or under a different state of circumstances properly brought · within the cognizance of the court. There were no issues made in the first case, and the refusal of the petition was as upon demurrer, and did not bar another application on a different statement of facts.

As to the first declaration of law, the act of March 5, 1875, provides: "That whenever it shall be made to appear to the satisfaction of the auditor that any person has erroneously paid into the treasury of the state any money," etc., the auditor, "upon ascertaining the fact," shall draw his warrant, etc., to be paid "in the same description of funds paid in." In this case it is conceded to have been what is known as state scrip, being treasurer's certificates of indebtedness.

It is the general rule in law and equity that money paid under a mistake of law, or where there was no liability, can not be recovered in an action. But that does not preclude the sovereign as an act of grace, and in justice to

2. RES JU-DICATA: Judgment on petition for mandamus.

3. MISTAKE OF LAW: Money paid under, etc.

her citizens, from refunding money erroneously paid, in any way. It can not be presumed to desire to retain double payments, which, as its own courts afterwards decided, it exacted without right. The language of the act is broad enough to cover all erroneous payments of both classes, and the intention to do so is most consonant with abstract justice.

We think the court erred in its declarations of law, and there being no other suggestion of error, the judgment must be reversed, and the cause will be remanded, with directions to issue the mandamus, as prayed.