Harrison H. Hart *v.* John W. Hart et al.

Let the decree be affirmed.

<hr/>

HARRISON H. HART *v.* JOHN W. HART et al.

1. PROBATE COURT: JURISDICTION PENDING ADMINISTRATION TO SET ASIDE SALE.—The Court of Probates has full jurisdiction, before final settlement of an estate, to sat aside a fraudulent sale made by the administrator, and which has never been confirmed, even after the lapse of twenty-one years, and its jurisdiction is exclusive ; and therefore a bill in equity by the distributees to set aside such sale, and recover the property sold by, and in possession of, the administrator, cannot be maintained.

APPEAL from the Chancery Court of Yazoo county.   Hon. E. G. Henry, chancellor.

*Nye* and *Hill,* for appellants,
Insisted that the jurisdiction of the Probate Court was ample and exclusive, and that the Chancery Court had no jurisdiction ; and they relied on *Blanton* v. *King,* 2 How. 856 ; *Edmonson* v. *Roberts,* Id. 282 ; *Farve's heirs* v. *Graves and wife,* 4 S. & M. 711.

*Jones* and *Bowman*, on same side.

The bill shows a regular pending administration in the Probate Court, which has full jurisdiction to afford all the relief the complainants are entitled to. The demurrer should therefore have been sustained. *Edmonson* v. *Roberts*, 2 How. 282; *Blanton* v. *King*, Id. 826; *Carmichael* v. *Browder*, 3 Id. 255; *McRea* v. *Walker*, 4 Id. 455; *Farve's heirs* v. *Graves*, 4 S. &. M. 707; *Green* v. *Creighton*, 10 Id. 159. The Probate Court has full jurisdiction to set aside illegal sales. *Pearson* v. *Moreland*, 7 S. & M. 609.

*F. Smith*, for appellees,

Argued that a court of equity was the proper forum when the specific recovery of slaves was sought, with an account of heirs, and that only in that court could parties get full relief; and in such a case this court would entertain a bill, although the administration was still pending in the Probate Court; and he cited and relied on the following authorities: *Manly* v. *Kidd*, 33 Miss. R. 141; *Grant* v. *Lloyd*, 12 S. & M. 192–222; *Hart* v. *Dunbar*, 4 S. & M. 287; *Archer* v. *Jones*, 26 Miss. R. 589; *Wood* v. *Ford*, 29 Id. 57–65.

HANDY, J., delivered the opinion of the court:

This bill was filed, by the appellees, distributees of Thomas J. Hart, deceased, seeking to recover from the appellant certain slaves in his possession, and hire.

Its material allegations are, that Thomas J. Hart died intestate in Madison county in the year 1837, leaving the complainants, his children of tender years, and some of them being his grandchildren, and a large personal estate, consisting in part of eighteen slaves, including those here in controversy and their issue; and that the appellant, his brother, and his widow, Sabra, obtained letters of administration of his estate from the Court of Probates of Madison county, but the appellant had the entire management of it, the said Sabra having removed with her children to Carroll county soon after the grant of letters, and having had nothing to do with the business of the estate; that at October term, 1838, of said court, the appellant, on his petition, obtained an order for the sale of the personal estate on the pretence of paying debts, and

in November, 1838, exposed the slaves and other personalty to sale, and on the 27th March, 1839, made his report of the sales to the court; that, by a fraudulent arrangement with certain agents, certain of the slaves were pretendedly bid off by them and in their names, and one slave in the name of the widow, but really for the benefit of the appellant, and that the slaves so fraudulently sold were immediately taken by the appellant into his possession and carried directly from the place of sale, in Madison county, to his plantation in Yazoo county, and have so continued up to the time of filing the bill, except one that is dead, and that he took possession of said slaves without paying the creditors or distributees of said estate any thing for them; that on the day before he returned his report of sales to the Court of Probates in March, 1839, he fraudulently reported the estate insolvent, and had it so declared by the court, in order to conceal his fraud in holding the said slaves, and that nothing further was ever done by him or any one else with the estate, and that he never passed any account of his actings as administrator; that all the debts against the estate, if any ever existed, are barred and extinguished by time; that the right and title of the complainants, as distributees, have never been divested.

The bill further charges that the appellant fraudulently caused the slaves in controversy to be put into the will of his aged mother, who had no title to them, and thereby disposed of colorably, in order to conceal his fraud; and it alleges that the frauds of the appellant were not discovered until a few days before the filing of the bill, when they were accidentally discovered by means of the will of his mother, which came to the knowledge of some of the complainants.

The appellant demurred to the bill, assigning sundry causes of demurrer, and the court below overruled the demurrer; from which decree this appeal was taken.

The principal objection urged to the bill is, the want of jurisdiction in a court of equity under the circumstances of the case.

It appears from the statements of the bill, that letters of administration were duly granted to the appellant by the Court of Probates; that the personalty of the intestate was ordered by that court to be sold, and there is no sufficient allegation that this

was not necessary to pay the debts; and, although it is alleged that the appellant obtained this order "illegally and without regard to the interest of the estate," it is not stated in what the illegality of the order consisted. There is, therefore, nothing shown, as the case is now presented, to justify the assumption that the order of sale was illegal and void.

The bill then shows that the sale was made, that the estate was subsequently declared insolvent, and that the report of the sale was made to the Court of Probates at March term, 1839, since which time nothing further has been done with the estate, and especially has there been no account rendered by the appellant.

If these allegations be true, there has been no confirmation of the sale sought to be set aside by this bill, and the slaves in controversy, as well as the entire estate, are yet under the actual jurisdiction of the Court of Probates as an unsettled estate. For aught that appears by the bill, it is fully within the jurisdiction of that court to proceed with the administration of the estate, and, if necessary, to set aside the sale complained of. The jurisdiction of that court, to all intents and purposes, is not only complete, but, having been exercised and being yet unfinished, it is exclusive, and ample to give to the appellees all the relief sought in the bill; and it is finally settled here that, in such a case, jurisdiction cannot be entertained in a court of equity.

Considering this as a fatal objection to the bill, we do not deem it necessary to determine upon other objections urged to it.

The decree is reversed, the demurrer sustained, and the bill dismissed.