## Asa Low *v.* Frank B. Mussey.

### [In Chancery.]

*Foreign Judgment. Chancery. Res Adjudicata.*

The orator having commenced a suit in equity against the defendant before the supreme court of Massachusetts, in which he sought relief and decree upon the same claim, and upon the same grounds, that he is seeking relief by his present bill, the defendant having appeared in said suit in Massachusetts and made defense therein, and said cause having been heard, and a decree passed dismissing the bill by that court, which is conceded to have had jurisdiction, it was *held* that the matter in dispute had passed *in rem judicatam,* and the decree is conclusive.

BILL IN CHANCERY. The orator alleged in his bill that Benj. B. Mussey of Boston, Massachusetts, deceased, leaving a large estate, real and personal, mostly in Massachusetts, but a small portion in Vermont; that said Mussey left a will in which he bequeathed, after deducting sufficient to pay his debts, one hundred and fifty thousand dollars to his two sons, Frank B. and Edward W. Mussey, both of Boston, Massachusetts, and divers bequests to other parties; that said will was probated in Massachusetts, and a copy was sent by the executor, by direction of said Frank B. Mussey, to George Prichard, of Bradford, Vermont, where the property of the deceased, in Vermont, was situated, with instructions to administer upon the estate of said Benj. B. Mussey, in said Bradford, which he did; that the orator held a large claim

against said Mussey's estate, which he presented to the commissioners thereon, and the same was carried by appeal to the county court, and thence to the supreme court, and by the consideration of that court, at its March term, 1863, in Orange county, the orator recovered judgment for $6000 against said estate; that said administrator resisted said claim throughout by direction of the executor and legatees in Massachusetts, including the defendant; that said judgment was certified to the probate court for the district of Bradford, and a decree was rendered for said sum; that two thousand dollars were subsequently paid on the same, that being all the estate of said Mussey in Vermont, leaving due the sum of four thousand dollars to the orator; that the orator presented his said judgment to the executor of said Mussey in Massachusetts, for payment, but found that the estate there had been settled, and by the statute of Massachusetts the claim was barred from allowance; that said estate amounted to over one hundred and fifty thousand dollars, after paying all debts, and that that amount was decreed to said Frank B. and Edward W. Mussey.

Prayer that said Frank B. Mussey be decreed to pay the orator the amount of his claim still due and unpaid, from the funds of said estate in his hands, and for general relief.

The answer of the defendant denied some of the allegations of the bill, and alleged, as one ground of defense, an adjudication of the same matter, between the same parties, in the supreme court of the commonwealth of Massachusetts, as set forth in detail in the opinion of the court.

The answer was traversed and testimony taken; and the cause was heard on bill, answer, traverse and testimony, at the December term, 1867, Orange county, Peck, Chancellor, when it was ordered that the bill be dismissed without costs, from which the orator appealed.

*R. McK. Ormsby*, for the orator.

*Washburn & Marsh*, for the defendant.

The opinion of the court was delivered by

Prout, J. This case comes into this court by appeal from the

decree of the chancellor dismissing the orator's bill. The answer of the defendant alleges, as one ground of defense, that in September, A. D., 1863, the orator commenced a suit in equity before the supreme court of the commonwealth of Massachusetts, in which he sought relief and decree upon the same claim and upon the same grounds he is seeking relief by his present bill; that the defendant and the other legatee in, as well as the executor of, the will of Benj. B. Mussey, were parties defendant thereto, appeared in said suit and made defense therein. The answer also sets forth, that the cause commenced and pending in the court of Massachusetts, was heard and a decree passed by the court dismissing the bill, which adjudication of that court the defendant insists is conclusive, that the orator is not entitled to further prosecute his claim, and in his answer, the defendant prays the same benefit of this defense as if he had presented it by plea.

These facts are not controverted by the orator, and they are verified by an exemplification of the record of the Massachusetts court in which that proceeding was had. Nor is any question made in the proof or in the argument, but that the parties and subject matter of the controversy are the same in both suits, involving the same facts and the same equity. Upon these conceded facts the inquiry arises, what legal effect is to be given by this court to the decree of the Massachusetts court dismissing the bill; is it conclusive in respect to the property which came to the defendant as one of the legatees of Benj. B. Mussey in the due course of administration upon his estate in Massachusetts? The orator voluntarily resorted to and submitted himself and claim to the jurisdiction of that court, the defendant being a citizen of, and the property in respect to which it is claimed a trust to pay debts existed was and is situate in that state, and no question can be made but that that court had jurisdiction of the cause and parties for the purposes of the relief sought. That the decree was unfairly or fraudulently obtained is not intimated or pretended upon the proof. Full faith and credit, therefore, is to be given it upon well understood principles, as a decree, and to the same extent it is entitled in the courts of Massachusetts. *Boston India Rubber Fac'y* v. *Hoit*, 14 Vt., 92. In a suit at law a judgment recovered

before a court having jurisdiction of the parties and subject matter involving the merits, is an end of all controversy as between them in respect to it, and is final. *White, admr.,* v. *Simonds, Conant & Co.,* 33 Vt., 178, was an action involving the effect of a judgment rendered by the court of common pleas of Massachusetts in a suit of which that court had jurisdiction as well as of the parties. The judgment in that case was rendered upon a general verdict of the jury, the pleadings in the case presenting two questions for their determination, the effect of one of which, if found for the defendant, was to temporarily bar the plaintiff's right of recovery. Upon these facts the question arose as to the effect of that judgment, whether, as a bar, it was conclusive or not. The present CHIEF JUSTICE, discussing the question, says: "It is quite apparent that the plaintiff relied entirely upon the fact that the verdict in Massachusetts might have been returned upon the issue that presented only a temporary bar, and therefore could have no effect to prevent or embarrass his recovery. In this state of the case it is entirely immaterial whether the judgment be regarded as absolutely conclusive or only *prima facie* so, inasmuch as a *prima facie* bar, without anything to remove it, is just as conclusive in this case as a matter of fact, as though it was absolutely conclusive as matter of law, and fully justified the court in telling the jury that it was conclusive." The decree in this case is unaffected by any extrinsic fact or inference of fact qualifying its effect, so that in that particular the present case is much stronger for the defendant than the case cited. The determination of a court of equity having jurisdiction and when the parties have been heard, is equally conclusive as the judgment of a court of law so far as the parties to it are affected, and determines their equitable rights, as involved in the proceeding. *Pelton* v. *Mott,* 11 Vt., 148; *Munson* v. *Munson,* 30 Conn., 425. And it is to be observed that the decree dismissing the orator's bill by the court in Massachusetts, is general in its terms and without qualification. The pleas and demurrer filed in that cause raised no question but what related to the merits as recognized in the forum to which the orator applied for relief. Under such circumstances, error of law or mistake of fact can not be shown for the

purpose of qualifying its effect, as the domestic tribunal will not review the adjudication of the court of a sister state where the record of the judgment or decree is regular in form, and contains, as the authorities express it, the essential elements of a judicial decision of the same matter. We can disregard it only upon proof showing its invalidity. *Perine* v. *Dunn*, 4 Johns. Ch. (N. Y.,) 140. Any other rule would lead to embarrassing conflict in the courts of the different states. Even as to a strictly *foreign* decree, the general rule is, that it shall be put in execution as final and conclusive, unless some sufficient reason, either of law or equity, is shown why it shall not be so regarded. These views, sustained by authority, as we conceive, lead us to the conclusion that the adjudication had in Massachusetts by these parties, is conclusive of this controversy; and this result, although it may not accord with our view of the equity of the case, does with our view of what is more important, public utility and public policy, as there is "nothing more hurtful than that lawsuits should be perpetual." In every suit there ought to be some ultimate stop, and a decree of dismissal, upon the facts of this case, " is ultimate," it being, as already remarked, upon the merits, as recognized by the court to which the orator applied for relief, and in respect to both questions discussed at the bar.

This result renders it unnecessary for us to discuss the other question arising in the case, and the decree of the court of chancery is affirmed.