# Burgess v. American Mortgage Co. of Scotland, Limited.

## Bill in Equity for Redemption.

1. *Voluntary dismissal of bill; res adjudicata.*—The effect of rule 28 of Cancery Practice (Code of 1896, p. 1208) is, that a voluntary dismissal by complainant is not an adjudication of the merits unless the cause had been set down to be heard. A voluntary dismissal before the cause is at issue is no bar to another suit.

APPEAL from Pike Chancery Court.
Tried before Hon. JERE N. WILLIAMS.
The case is stated in the opinion.

M. N. CARLISLE, for appellant, cited, rule 28, Code 1896, p. 1208; *Moog v. Strange,* 72 Ala. 460.; *Howard v. Bugbee,* 25 Ala. 548; *Danforth v. Herbert,* 33 Ala. 497; *Holly v. Wilkinson,* 31 Ala. 196; *Cameron v. Abbott,* 30 Ala. 416.

A. C. WORTHY, *contra,* cited, *Brown v. Brown,* 81 Ala. 508; 1 Dan. Ch. Pl. and Pr. 796; 2 Dan. Ch. Pl. and Pr. 1371; *Ex Parte Robinson,* 72 Ala. 389; *Tankersly v. Pettis,* 71 Ala. 185; *Strange v. Moog,* 72 Ala. 460; 28th, Rule Ch. Pr., Code 1896, p. 1208.

HEAD, J.—A former bill by the present complainant against the same defendant for the same relief upon the same allegations as in the present bill, was dismissed without prejudice, at the cost of complainant. Subsequently the present bill was filed and the defendant moved to stay its prosecution until the costs of the former suit should be paid. The chancellor granted this motion and ordered that unless the costs be paid on or by December 1, 1897, (subsequently extended to December 20, 1897,) the cause would stand dismissed. Complainant failed to comply with the order, but instead thereof, on said December 20, 1897, on his own application, dismissed his bill. Four days later he refiled the same bill which is the one now before us. On January 21, 1898, the defendant pleaded said dismissal in bar, as being *res adjudicata,* and the sufficiency of the plea is

now the question for decision. The chancellor held it sufficient, and complainant appealed.

At the time of the dismissal which is supposed to have constituted an adjudication of the merits, the cause was not at issue. There was no pleading except the bill and no decree *pro confesso*. In no sense was it ready for trial or set down to be heard. By no known rule of practice could the chancellor have then adjudicated the merits of the complainant's demand for relief (we do not say controversy, for no controversy or issue had been formed, touching the merits), and the case did not come within the operation of rule 28 of chancery practice, whereby the voluntary dismissal of the bill by the complainant, after the cause is set down to be heard, is made the equivalent of a final adjudication of the merits. The effect of that rule itself is that a mere voluntary dismissal by the complainant is not an adjudication of the merits unless the cause had been set down to be heard, whatever might have been the effect of such a dismissal prior to the adoption of that rule. As to the prior rule see *Howard v. Bugbee*, 25 Ala. 548.

We are, therefore, unable to see upon what principle such a dismissal can be held to constitute a bar to another suit.

We are not passing upon any question of contempt, for none is raised. The sufficiency of the plea of *res adjudicata* is the only matter before us.

The decretal order of the chancellor is reversed, the plea is disallowed and the cause remanded.