PAUL FRICKE v. FRANK W. WOOD ET AL.

Decided January 8, 1903.

1.—Res Adjudicata—Judgment—Fraud.

Where in an action to set aside a judgment for fraud and to restrain a levy thereunder, plaintiff's petition sets up the same facts relied on by him in the action in which the judgment was obtained, the defense of res adjudicata was properly sustained.

2.—Same—Plea—Demurrer.

Where the defense of res adjudicata appears on the face of the pleadings, it is properly raised by demurrer.

Appeal from the District Court of Washington. Tried below before Hon. Ed R. Sinks.

W. C. Henderson, for appellant.

Searcy & Garrett, for appellees.

GARRETT, CHIEF JUSTICE.—Paul Fricke brought this suit to set aside a judgment of the District Court of Washington County obtained against him at a former term by Frank W. Wood, and to enjoin the sale of a tract of land belonging to the plaintiff which had been levied upon by D. E. Teague, as sheriff, and advertised for sale for the satisfaction of the judgment. A preliminary injunction was granted and the sale of land restrained. The ground alleged for setting aside the judgment was fraud in its procurement, the petition setting out very fully the alleged fraudulent acts. The defendant Wood excepted to the petition. that the alleged acts of fraud had been adjudicated by the judgment of the court, and that the plaintiff's cause of action was res adjudicata. When the cause came up for trial the court sustained the general and special demurrers to the petition, and the plaintiff having declined to amend, judgment. was rendered in favor of the defendants.

It appeared from the allegations of the petition that the defendant Wood had obtained a judgment against the plaintiff and one M. Russi for $700 upon an indemnity bond given by the said Russi to Wood with the plaintiff as surety. Russi was a lumber dealer doing business in the city of Brenham, Washington County, and sold out his entire stock to Wood, and the bond was given to indemnify Wood against the claims of Russi's creditors. Soon after the sale of his stock of lumber to Wood, Russi made application to the Federal court at Austin for adjudication as a bankrupt. One B. F. Teague was appointed as trustee, and brought suit against Wood for the value of the lumber. Wood impleaded Russi and Fricke upon the indemnity bond, and the suit resulted in an agreed judgment in favor of the trustee against Wood for the sum of $700, and in favor of Wood over against Russi and Fricke for the same amount.

The plaintiff Fricke alleged that the sale by Russi to Wood was made

with the fraudulent intent to defeat Russi's creditors, and that Wood knew of and participated in such intent and fraudulently suggested and procured the plaintiff to sign the bond; that plaintiff did not know of Russi's insolvency or of the fraudulent acts of Russi and Wood in effecting the sale and in procuring the bond until after the judgment had been rendered and the court had adjourned for the term. Plaintiff attached to his petition and made a part thereof the pleadings and judgment in the cause of B. F. Teague, trustee, v. F. W. Wood et al. It appeared from the answer filed by Fricke to the plea of Wood against him on the bond that the very matters which the plaintiff now relies on to open up and set aside the judgment were pleaded by him as a defense in the original suit. He went so far as to plead his evidence. The issue of fraud was squarely made, and the judgment was an adjudication thereof. The defense having appeared on the face of the petition, it was properly raised by demurrer.

There is no error in the judgment of the court below, and it will be affirmed.

*Affirmed.*