# Kinney *et al. v.* Reeves & Co. *et al.*

*Bill in Equity for Discovery.*

1. *Chancery pleading; effect of sustaining one ground of demurrer; defendants can not appeal therefrom.*—Where, to a bill in chancery, a single demurrer containing several grounds is interposed, and one of the grounds of demurrer is sustained while all the other grounds are overruled, the effect of such decree is to sustain the whole demurrer and put the case out of court, unless the bill is amended; and from such decree the defendants can not appeal.

APPEAL from the Chancery Court of Cullman.
Heard before the Hon. WILLIAM H. SIMPSON.

The bill in this case was filed by the appellees against the appellants. From a decree which sustained one ground of the demurrer interposed by the defendants and overruled the other grounds, the defendants prosecute the present appeal, and assign as error the portion of the decree overruling the grounds of demurrer.

GEORGE H. PARKER, for appellants.

No counsel marked as appearing for appellees.

DOWDELL, J.—The appeal in this case is taken from the decree of the chancellor on the demurrer to the bill.

[Hayes v. Woodham.]

The demurrer was single and contained six grounds or assignments, each of which went to the bill in its entirety. The decree in terms overruled the first five grounds, but sustained the sixth. Where a demurrer contains more than one ground or assignment, and all of which are addressed to the bill as a whole, the sustaining of any one ground, is a sustaining of the demurrer. *Coleman v. Butt,* 130 Ala. 266.

The decree on the demurrer was favorable to the respondents, appellants here, and they cannot complain. Until the bill has been amended in conformance with the ruling on the demurrer, the complainants cannot proceed with the cause, and failing or refusing to amend, it is subject to be dismissed on respondent's motion for want of prosecution. If, after the bill has been amended, the respondent should desire to do so, they may properly renew the demurrer to the bill as amended on those grounds which were overruled, and in this manner have the question reviewed, if the demurrer is overruled. The appellants can take nothing by this appeal. See *Watson v. Jones Bros.,* 121 Ala. 579; *Ferris v. Hoglan, Ib.* 240; *Cottingham v. Greely,* 123 Ala. 479.

Appeal dismissed.