(100 South. 821)

**CROWSON v. CODY et al.** (3 Div. 639.)

(Supreme Court of Alabama. May 29, 1924. Rehearing Denied June 30, 1924.)

**1. Appeal and error ⟲1203(5)—On remand bill held properly dismissed for failure of complainant to observe directions of Supreme Court as to amendment.**

Where, after Supreme Court modified decree so as to allow complainant to amend by disincumbering his complaint of inapt allegations and purposes, complainant removed only part of the improper averments and reasserted his original theory, decided adversely to him upon two appeals, circuit court properly dismissed bill.

**2. Equity ⟲362—Defective bill dismissed if complainant fails to amend in reasonable time.**

While the law of amendment is liberal and the practice of courts indulgent, there must be an end to litigation, and if complainant cannot, or will not, finally amend a defective bill to meet requirements of law within a reasonable time, there is no recourse but to dismiss the bill.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Bill in equity by J. C. Crowson against Michael Cody and others. From a decree dismissing the bill, complainant appeals. Affirmed.

See, also, 207 Ala. 476, 93 South. 420; 209 Ala. 674, 96 South. 875.

W. A. Gunter, of Montgomery, for appellant.

Ball & Beckwith, of Montgomery, for appellees.

For briefs, see reports of former appeals.

---

⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

207 Ala. 476, 93 South. 420; 209 Ala. 674, 96 South. 875.

ANDERSON, C. J. This is the third appeal in this case, 207 Ala. 476, 93 South. 420, and 209 Ala. 674, 96 South 875. The facts are fully stated in the previous reports; see especially the last report of the case 209 Ala. 674, 96 South. 875. The substance of the holding upon the previous appeals was that the position and relationship of the parties did not entitle Crowson to compel a foreclosure by Cody but he was only entitled to an accounting and redemption from Cody as purchaser under the first mortgage. It was also held that, as Crowson did not offer to redeem, the equity of the bill hinged upon his right to an accounting; but the bill, even as to this, was defective as it not only failed to meet the equitable requirements as to certain features seeking an accounting, but contained inapt allegations and purposes. Upon the last appeal it was held that in order to maintain the bill for an accounting "it must be, by appropriate amendment, disincumbered of other inapt allegations and purposes; and in those parts which seek to falsify the settlement note the allegations must be amended to meet the requirements above stated, or they must be stricken from the bill." The bill as last amended attempts to meet the requirements as to usury and the avoidance of the effect of the note as a settlement between the parties, but it was not shorn or disincumbered of other inapt and improper averments and purposes. Not only were these matters left in the bill, but the amendment reasserts the original theory and contention; that is, the right to have the property sold, and which was decided adversely to the appellant upon both of the previous appeals. In fact, counsel for appellant treats the accounting feature of the bill incidentally only, but directs his principal argument to a reassertion of his original contention and an attack on the two opinions of this court holding that the same was without merit. As to this, we are still of the opinion that the previous ruling of the court is sound and is fully sustained by the authorities cited in the former opinions. As stated in the last report of this case:

"While the law of amendments is liberal, and the practice of courts indulgent, there must be an end to litigation, and if a complainant cannot or will not finally amend a defective bill so as to meet the requirements of law within a reasonable time, there is no recourse except to dismiss the bill."

Upon the last appeal the decree was modified so as to allow the complainant to amend the bill so as to conform to the opinion. This was not done, as the bill still contained inapt and improper allegations and was subject to the demurrer as sustained thereto, and complainant having been given a reasonable time to amend, and failing to do so, the trial court did not err in sustaining the complainant's motion to dismiss said bill and the decree of the circuit court is affirmed.

Affirmed.

All the Justices concur, except SAYRE, J., not sitting.