(110 So. 46)

### CROWSON v. CODY. (3 Div. 730.)

(Supreme Court of Alabama. April 8, 1926.
Rehearing Denied Nov. 4, 1926.)

**1. Appeal and error ⬤═917(3).**

Where any ground of demurrer is sufficient, general judgment sustaining demurrer will be referred to that ground.

**2. Appeal and error ⬤═232(1½).**

Decree on demurrer will be confined to grounds assigned.

**3. Judgment ⬤═572(2)—Dismissal of bill for failure to amend after demurrer sustained is on merits, and basis for plea of res judicata or demurrer to subsequent bill (Code 1923, vol. 4, p. 916, rule 28).**

Under Code 1923, vol. 4, p. 916, rule 28, dismissal of bill after sustaining demurrer, and for failure to amend within reasonable time given, has effect of final decree on merits, and is the foundation for demurrer or plea of res judicata to subsequent bill.

**4. Pleading ⬤═225(1) — Judgment sustaining demurrer and allowing time for amendment is not final on merits until time has expired without amendment.**

Where pleading is ordered dismissed on demurrer, unless amended within reasonable time, judgment sustaining demurrer is not final on merits, but pleading is within time granted, open to due amendment, and subsequent demurrer will be overruled, if pleading as a whole sets forth a good cause of action.

**5. Equity ⬤═365.**

Where amendments to petition are desired to be made by new pleading, bill should be dismissed without prejudice.

**6. Judgment ⬤═713(2).**

Judgment to be "res judicata" must be rendered by court of competent jurisdiction on merits within issues pleaded or which ought to have been litigated.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Res Adjudicata.]

**7. Judgment ⬤═585(5).**

Judgment, to be res judicata, must be applied to status of parties at time of rendition, which status is presumed to continue until facts show changed conditions or different subject-matter, so that judgment ought not to work estoppel between parties or privies.

**8. Judgment ⬤═666.**

Estoppel by judgment must be mutual, and equally binding on all persons having an adverse interest.

**9. Judgment ⬤═948(2).**

Res judicata may be insisted upon by demurrer, if facts sufficiently appear on face of pleading.

**10. Action ⬤═53(1).**

Splitting of causes of action and grounds of recovery is not permitted.

**11. Judgment ⬤═713(2).**

Where issues are broad enough to comprehend all involved in issues of second suit, test of res judicata is, not what parties actually litigated, but what they might or ought to have litigated.

**12. Judgment ⬤═719.**

Judgment sustaining demurrer to merits is conclusive by way of estoppel of facts sufficiently pleaded.

**13. Judgment ⬤═572(2).**

Separate bill for accounting between pledgor and pledgee cannot be maintained on grounds

or items indicated in former suit, which was dismissed on refusal to amend bill after order sustaining demurrer, which was affirmed on appeal.

**14. Evidence ⬤⟷43(3).**

Supreme Court will judicially notice issues presented in another cause on its appeal.

**15. Judgment ⬤⟷713(2) — Suit to establish right to property by sale of property and application of proceeds is res judicata to suit to establish same rights by different means, where plaintiff could have litigated all his rights in first suit.**

Suit to establish plaintiff's right to possession and enjoyment of property as pledgor or mortgagor by sale of property and application of proceeds is res judicata to suit to establish similar right to property by payment of debt and return of property to plaintiff, to be sold at his will, where plaintiff might have litigated in first suit all rights on which his cause of action could have been maintained.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Bill in equity by J. C. Crowson against Michael Cody. From a decree sustaining demurrer to the bill, complainant appeals. Affirmed.

W. A. Gunter, of Montgomery, for appellant.

The sustaining of a demurrer to the whole bill is no ruling on the demurrers relating to parts of the bill. Graves v. Brittingham, 209 Ala. 147, 95 So. 542. Grounds of demurrer must be specifically designated. Converse v. Sickles, 146 N. Y. 200, 40 N. E. 777, 48 Am. St. Rep. 790. The former decree is not res judicata as to this suit. Freeman on Judgments, § 263; Fahey v. Esterley Mach. Co., 3 N. D. 220, 55 N. W. 580, 44 Am. St. Rep. 562; Dowell v. Applegate, 152 U. S. 343, 14 S. Ct. 611, 38 L. Ed. 463; Russell v. Place, 94 U. S. 606, 24 L. Ed. 214; Wiggins Co. v. Ohio Co., 142 U. S. 396, 12 S. Ct. 188, 35 L. Ed. 1055; Southern Pac. v. U. S., 168 U. S. 49, 18 S. Ct. 18, 42 L. Ed. 355; Jericho v. Underhill, 67 Vt. 85, 30 A. 690, 48 Am. St. Rep. 804; Gilmer v. Morris (C. C.) 30 F. 479; Converse v. Sickles, supra; Fahey v. Esterley, 3 N. D. 220, 55 N. W. 580, 44 Am. St. Rep. 570. Having obtained jurisdiction for one purpose, the court will exercise same for all purposes of the litigation. 10 R. C. L. 370; 14 R. C. L. 322; 3 Mayfield's Dig. 188.

Ball & Ball, of Montgomery, for appellee.

The dismissal by the court of a bill after demurrer is sustained is a final decree on the merits, and res judicata. Sims, Ch. Pr. § 422; chapter rules 28, 83; Strang v. Moog, 72 Ala. 460; Herstein v. Walker, 90 Ala. 477, 7 So. 821; Stein v. McGrath, 128 Ala. 175, 30 So. 792; De Graffenried v. Breitling,

192 Ala. 254, 68 So. 265. Res judicata may be raised by demurrer, when the facts appear in the bill. 1 Dan. Ch. 562; Knight v. Atkisson, 2 Tenn. Ch. 384; Low v. Mussey, 41 Vt. 393; Brown v. Lexington & D. R. Co., 13 N. J. Eq. 192. Other points of demurrer have been settled in former appeals. Crowson v. Cody, 207 Ala. 476, 93 So. 420; Id. 209 Ala. 674, 96 So. 875; Id., 211 Ala. 559, 100 So. 821; Allison v. Cody, 206 Ala. 88, 89 So. 238; Id., 209 Ala. 124, 95 So. 286.

THOMAS, J. Phases of the controversy arising out of the subject-matter of this suit are Allison v. Cody, 206 Ala. 88, 89 So. 238; same case, 209 Ala. 124, 95 So. 286; Crowson v. Cody, 207 Ala. 476, 93 So. 420; same case, 209 Ala. 674, 96 So. 875, Id., 211 Ala. 559, 100 So. 821. See, also, Hamilton v. Cody, 206 Ala. 102, 89 So. 240.

The recognized distinction between a mortgage and a pledge was made in Crowson v. Cody, 209 Ala. 674, 96 So. 875; same case, 207 Ala. 476, 93 So. 420, and noted in the opinion and the authorities collected in Oden v. Vaughn, 204 Ala. 445, 85 So. 779.

The rules for accounting are considered in Crowson v. Cody, 209 Ala. 674, 677, 96 So. 875; same case, 207 Ala. 476, 93 So. 420; Grand Bay Land Co. v. Simpson, 205 Ala. 347, 87 So. 186; same case, 207 Ala. 303, 92 So. 789; and in Julian v. Woolbert, 202 Ala. 530, 81 So. 32; Hamilton v. Fur. & Loan Co., 206 Ala. 622, 91 So. 489; Tolleson v. Henson, 207 Ala. 529, 93 So. 458; Indian Ref. Co. v. Van Valkenburg, 208 Ala. 62, 93 So. 895; Mabry v. Ray, 208 Ala. 615, 95 So. 6; Henry v. Ide, 209 Ala. 367, 96 So. 698; Erswell v. Ford, 211 Ala. 242, 100 So. 96. And the necessity of averment in a court of equity to open an account stated was adverted in Crowson v. Cody, 209 Ala. 674, 677, 96 So. 875; Scheuer v. Berringer, 102 Ala. 216, 14 So. 640; Kilpatrick v. Henson, 81 Ala. 464, 1 So. 188; Pauling v. Creagh, 54 Ala. 646; Langdon v. Roane's Adm'r, 6 Ala. 518, 41 Am. Dec. 60; 1 C. J. p. 716, § 358.

[1] The appeal is from a decree sustaining demurrer to the bill, and there were many grounds assigned. The court below did not designate the grounds of demurrer sustained. Where there are several grounds of demurrer, some of which are sufficient, and the judgment or decree sustaining demurrer is general, the ruling will be referred to a ground that is well taken. Nat. Park Bk. v. L. & N. R. R. Co., 199 Ala. 192, 196, 74 So. 69; Hull v. Wimberly & Thomas Hdw. Co., 178 Ala. 538, 59 So. 568; Tatum v. Tatum, 111 Ala. 209, 20 So. 341; Old Dominion Copper Min. Co. v. Bigelow, 188 Mass. 315, 74 N. E. 653, 108 Am. St. Rep. 479; Hart v. Hart, 39 Miss. 221, 77 Am. Dec. 668; 10 R. C. L. p. 467, § 239; Steiner v. Parker & Co., 108 Ala. 357, 19 So. 386.

In Richard v. Steiner Bros., 152 Ala. 303, 304, 44 So. 562, 563, it is said: ·

"The rule of practice as declared by our decisions is that, on an appeal from a decree sustaining or overruling a demurrer to a bill in equity, the decree will be referred to the causes of demurrer which will support it, and not to those which would render it erroneous, working a reversal. McDonald v. Pearson, 114 Ala. 630, 641, 21 So. 534."

See, also, Kinney v. Reeves, 139 Ala. 386, 36 So. 22; Ferris v. Hoglan, 121 Ala. 240, 25 So. 834; Harper v. Raisin Fert. Co., 158 Ala. 329, 48 So. 589, 132 Am. St. Rep. 32; Sims' Ch. Pr. § 445.

[2] The foregoing rule was followed in Nat. Park Bk. v. L. & N. R. R. Co., 199 Ala. 192, 74 So. 69; B. R. L. & P. Co. v. Barranco, 203 Ala. 639, 84 So. 839; Jones v. Jefferson County, 206 Ala. 13, 89 So. 174; Crowson v. Cody, 209 Ala. 674, 676, 96 So. 875. It need not be observed that the decree on demurrer to a bill will be confined to the grounds assigned. Whiteman v. Taber, 203 Ala. 496, 500, 83 So. 595. In the respects indicated, the foregoing authorities are at variance with the application made of the rule in Graves v. Brittingham, 209 Ala. 147, 95 So. 542, is the opinion of the writer only.

The many questions are presented by the demurrers to the bill as a whole and to each of said portions and phases thereof; among other grounds, that of res judicata, concluding as follows:

"At most the only equity in the bill is for an accounting, but it cannot be maintained so long as it is incumbered by the inapt allegations therein as to other matters and relief, as pointed out in Crowson v. Cody, 209 Ala. 674 [96 So. 875]."

To the bill as amended respondent refiles each and every ground theretofore filed and assigned "as fully in all respects as if the same were here set out in extenso," and—

"(3) It appears that the matters set forth in said amendment are included in and covered by the matters already litigated in the former case of J. C. Crowson v. Michael Cody et al., referred to in the original bill filed in this case.

"(4) The allegations of said amendment are not such as would justify the court in requiring any discovery or disclosure on the part of the defendant."

[3] The dismissal of a bill after demurrer sustained and for the failure to amend within the reasonable time given by the court for that purpose performs the effect of a final decree on the merits, and is the foundation for demurrer or a plea of res judicata. Code 1923, vol. 4, p. 916, rule 28; East v. Saks, 214 Ala. 58, 106 So. 185; Boon v. Riley, 171 Ala. 657, 54 So. 997. The effect of this circuit court rule No. 28 has been the subject of consideration. Burgess v. Am. Mortg. Co., 119 Ala. 669, 24 So. 727; Warrior, etc., Co. v. Ala. Land Co., 154 Ala. 135, 45 So. 53; Kelly v. Griffin, 165 Ala. 309, 51 So. 789; Strang v. Moog, 72 Ala. 460; Herstein v. Walker, 90 Ala. 478, 7 So. 821.

[4] In Stein v. McGrath, 128 Ala. 175, 180, 30 So. 792, 794, where the decree dismissed the bill after failure to amend to meet ruling on demurrer, it was declared that, since the demurrer was a confession of the facts averred, and had been directed to the equities of the bill, based on the averred facts, the decree "was tantamount to a decree on the merits upon a final submission."

The rule on sustaining demurrer is understood as not precluding a proper and timely attempt to restate the cause of action. 13 A. L. R. 1104. Such was the treatment of the pleading sought to be defeated by the estoppel set up in Gilmer v. Morris (C. C.) 30 F. 476. However, the rule in this jurisdiction is that, where the pleading was heard on demurrer, and it is ordered that the same be dismissed, unless amended within a given and reasonable time, so as to make the pleading good and sufficient in law, the judgment containing such declaration of insufficiency and allowance of time is not final upon the merits, and the whole pleading is within such time open to due amendment, and a subsequent demurrer challenging that right in the same case will be overruled, if the pleading as a whole sets forth a good cause of action.

[5] The courts differ as to whether the amendment is to be made in the same suit or by new procedure. 13 A. L. R. 1115. The latter course was sanctioned by the District Court in Gilmer v. Morris (C. C.) 30 F. 476, s. c. 46 F. 333. It may not be out of place to say of the procedure in that case that it was where the pledge declared upon was at a different time and of a different nature, alleged to be a different cause of action. 46 F. 333. That suit in the state court by Mr. Gilmer was based on the pledge of 1871, and the bill did not allege recognition of the pledge on the part of Mr. Morris from that time to the filing of the bill in the state court in July, 1884, testimony taken, and decree dismissing the bill affirmed. Gilmer v. Morris, 80 Ala. 78, 60 Am. Rep. 85. The suit in the federal court stated the original transaction of 1871 by way of an inducement, and stated a "new and different pledge in 1875, of the same stock for other debts and for future advancements, which were from time to time to be made," and the estoppel was held not to apply. However this may be, it is not in accord with our procedure, where the sufficiency of the bill is tested by demurrer admitting the material facts, the bill is dimissed after hearing thereon and after reasonable opportunity for amendment is given and declined. Crowson v. Cody, 211 Ala. 559, 100 So. 821; Town of Tallassee v. State, 206 Ala. 169, 171, 89 So. 514, 20 A. L. R. 1127; Terrell v. Nelson, 199 Ala.

436; 74 So. 929; Stein v. McGrath, 128 Ala. 175, 30 So. 792; McClarin v. Anderson, 104 Ala. 201, 16 So. 639; Hanchey v. Coskrey, 81 Ala. 149, 1 So. 259; Perkins v. Moore, 16 Ala. 17. Where the necessary amendments are desired to be made by new pleading, the course has been to dismiss without prejudice the pending suit.

[6, 7] The ascertainment of a final decree (de Graffenried v. Breitling, 192 Ala. 254, 68 So. 265) is but the application of common sense and justice between the parties at interest as relating to the subject-matter of the suit. It follows as requisites of res judicata that the judgment is, by a court of competent jurisdiction, rendered on the merits of the controversy '(or what ought to have been litigated between the parties as to that subject-matter) within the issues of the pleadings. This is required that the judgment be final and conclusive of the controversy. It is further true that the judgment must be applied to the status of the parties at the time of the rendition of the former decree sought to be made the basis of res judicata, which status is prima facie presumed to continue until facts are pleaded and proved which have brought about a materially changed condition, or facts presenting a different subject-matter, that did not work a mutual estoppel between the parties, and not binding on them or privies in estate or blood or in law, necessitating another adjudication of the rights of the parties litigant. Clark v: Whitfield, 213 Ala. 441, 105 So. 200, 203.

[8] It should be added that the estoppel must be mutual and equally binding on all persons having an adverse interest. Phillips v. Thompson, 3 Stew. & P. 369; Gwynn v. Hamilton's Adm'r, 29 Ala. 233; L. & N. R. R. Co. v. Brinkerhoff & Co., 119 Ala. 606, 24 So. 892; A. C. L. R. Co. v. State, 204 Ala. 80, 85 So. 424; Schillinger v. Leary, 201 Ala. 256, 77 So. 846.

[9] It has been admitted that res judicata may be insisted upon by demurrer if the facts sufficiently appear on the face of the pleading. Clark v. Whitfield, 213 Ala. 441, 105 So. 200; Cogburn v. Callier, 213 Ala. 46, 104 So. 338; Williams v. Williams, 202 Ala. 539, 81 So. 41; Davoue v. Fanning, 4 Johns. Ch. (N. Y.) 199; McDaniel v. Richards, 141 Ark. 453, 217 S. W. 478; Brown v. Lexington & Danville R. Co., 13 N. J. Eq. 192; Keen v. Brown, 46 Fla. 487, 35 So. 401; Knight v. Atkisson. 2 Tenn. Ch. 384; Low v. Mussey, 41 Vt. 393; Williams v. Cheatham, 99 Ga. 301, 25 S. E. 698; Holtheide v. Smith, 84 S. W. 321, 27 Ky. Law Rep. 60; Lockhart v. Leeds, 12 N. M. 156, 76 P. 312; Fricke v. Wood, 31 Tex. Civ. App. 167, 71 S. W. 784; 10 R. C. L. 469, § 241; 21 Cyc. p. 437, § 473; 23 Cyc. p. 1524; 34 C. J. 1058, § 1494; Sims' Ch. Pr. 444.

[10] The rule stated by the district judge

in Gilmer v. Morris (C. C.) 30 F. 476, is contrary to our decisions. Fahey v. Esterly Mach. Co., 3 N. D. 220, 55 N. W. 580, 44 Am. St. Rep. 554, 568; Town of Tallassee v. State, 206 Ala. 169, 171, 89 So. 514, 20 A. L. R. 1127; Perkins v. Moore, 16 Ala. 17; Stein v. McGrath, 128 Ala. 175, 30 So. 792; Terrell v. Nelson, 199 Ala. 436, 74 So. 929; North. Pac. Ry. Co. v. Slaght, 205 U. S. 122, 27 S. Ct. 442, 51 L. Ed. 738. The splitting of causes of action is not permitted, "and a fortiori he cannot divide the grounds of recovery." United States v. C. & O. L. Co., 192 U. S. 355, 24 S. Ct. 266, 48 L. Ed. 476; Hall & Farley v. Ala. T. & I. Co., 173 Ala. 398, 56 So. 235; Terrell v. Nelson, 199 Ala. 436, 74 So. 929; Freeman on Judg. (4th Ed.) §§ 238, 241.

[11] Where the issues were broad enough to comprehend all that was involved in the issues of the second suit, the test is, not what the parties actually litigated, but what they might or ought to have litigated. This is necessary to a due observance of the rule against splitting the cause of action (McNeil v. Ritter Dental Mfg. Co., 213 Ala. 24, 104 So. 230), dividing the grounds of recovery, and relitigating the established or admitted facts. Terrell v. Nelson, 199 Ala. 436, 74 So. 929; McClarin v. Anderson, 104 Ala. 201, 210, 16 So. 639; McDonald v. Mobile, etc., Co., 65 Ala. 358; Coleman v. Birmingham Fertilizer Co., 208 Ala. 160, 93 So. 904; Steele v. Crute, 208 Ala. 2, 93 So. 694; Schillinger v. Leary, 201 Ala. 256, 77 So. 846; Stein v. McGrath, 128 Ala. 175, 30 So. 792; Howard v. Howard, 26 Ala. 682; Irby v. Com. Nat. Bk., 204 Ala. 420, 85 So. 509.

In McNeil v. Ritter Dental Mfg. Co., 213 Ala. 24, 25, 104 So. 230, 231, this court said:

"A judgment or decree of a court of competent jurisdiction is res adjudicata and a bar to the maintenance of a subsequent suit, when it is pleaded and ascertained that the subject-matter of said suit is the same embraced or presented under issues in the former suit broad enough to have comprehended all that is involved in the issues of the second suit—not what was actually litigated, but what might and ought to have been litigated in the former suit, is the test."

[12] In the application of this rule it will be noted that in this jurisdiction, and by the Supreme Court of the United States, the holding is that a judgment rendered upon sustaining demurrers admitting the facts is conclusive, by way of estoppel of such facts sufficiently pleaded and confessed, the same as a verdict and judgment thereon finding the said facts would have been. This is only true where the demurrer goes to the merits, showing that the same were heard. Walden v. Bodley, 14 Pet. 156, 10 L. Ed. 398, 400; Goodrich & Drew v. Chicago, 5 Wall. 566, 18 L. Ed. 511; City of Aurora v. West & Joseph, 7 Wall. 82, 19 L. Ed. 42; Gould v. Evansville, etc., Co., 91 U. S. 526,

23 L. Ed. 416, 419; Alley v. Nott, 111 U. S. 472, 4 S. Ct. 495, 28 L. Ed. 491; Cromwell v. Sac County, 94 U. S. 351, 24 L. Ed. 195; Bissell v. Spring Valley, 124 U. S. 225, 8 S. Ct. 495, 31 L. Ed. 411; N. P. R. Co. v. Ellis, 144 U. S. 458, 12 S. Ct. 724, 36 L. Ed. 504; N. P. R. Co. v. Slaght, 205 U. S. 122, 27 S. Ct. 442, 51 L. Ed. 738; Yates v. Jones Nat. Bk., 206 U. S. 181, 27 S. Ct. 638, 51 L. Ed. 1015; Fugurul v. Rivera, 232 U. S. 371, 58 L. Ed. 642; Breeden v. Breeden, 230 F. 55, 144 C. C. A. 347; Miller v. B. Oil Co., 248 F. 88, 160 C. C. A. 223; 13 A. L. R. 1104.

The application of this rule is often difficult. Let us observe how the Supreme Court of the United States has done this, without treating the different means or grounds to reach the same result as material and sufficient to defeat the estoppel. Mr. Justice Holmes said:

"In the former suit the appellants alleged the *same descent*, but instead of alleging express and solemn recognition of Ramon by Salvador as his natural son, sought to have him declared such, and therefore entitled to inherit one-half of Salvador's estate. Its *immediate object was to establish filiation by a judgment, while the immediate object here is to nullify a will.* The theory put forward was so far different that, unless the complaint in this case had been interpreted as alleging a recognition in solemn form, it would have been held bad on its face. In the former suit also the mother was alleged to have been a slave. But *these differing allegations are simply different means to reach the same result*—the possession by Ramon of the rights of a natural son; and the evidence offered in this case like the allegations in the former one was only of private acts. In these circumstances the true principle has been declared by this court to be that a judgment or decree bars all grounds for the relief sought. Northern P. R. Co. v. Slaght, 205 U. S. 122, 130, 131, 27 S. Ct. 442, 51 L. Ed. 738, 741; United States v. California & O. Land Co., 192 U. S. 355, 358, 24 S. Ct. 266, 48 L. Ed. 476, 478." (Italics supplied.) Fugurul v. Rivera, 232 U. S. 371, 374, 34 S. Ct. 411, 412, 58 L. Ed. 642, 645:

In United States v. California & O. Land Co., 192 U. S. 355, 24 S. Ct. 266, 48 L. Ed. 476, the first suit in equity was to avoid patents to land, and forfeit defendant's claim thereunder on the ground that the wagon roads were not completed within the required time; and in that suit defendant pleaded matter showing the validity of the patents, and there was decree for defendant. The second suit by the government sought to set aside the patents and recover the land on the ground that the land was excepted by the terms of the granting act. The estoppel was upheld; the court saying:

"Here the plaintiff is the same person that brought the former bill, whatever the difference of the interest intended to be asserted. See Werlein v. New Orleans, 177 U. S. 390, 400, 401, 20 S. Ct. 682, 44 L. Ed. 817, 822. The best that can be said, apart from the act just quoted, to distinguish the two suits, is that now the United States *puts forward a new ground for its prayer.* Formerly it sought to avoid the patents *by way of forfeiture.* Now it seeks the same conclusion by a different means; that is to say, by evidence *that the lands originally were excepted from the grant. But in this as in the former suit it seeks to establish its own title to the fee.* (Italics supplied.)

"* * * But the whole tendency of our decisions is to require a plaintiff to try his whole cause of action and his whole case at one time. He cannot even split up his claim (Fetter v. Beale, 1 Salk. 11; Trask v. Hartford & N. H. R. Co., 2 Allen [Mass.] 331; Freeman, Judgm. 4th Ed. §§ 238, 241); and, a fortiori, he cannot divide the grounds of recovery."

In Northern Pac. R. Co. v. Slaght, 205 U. S. 122, 27 S. Ct. 442, 51 L. Ed. 738, the predecessors in interest of the Northern Pacific Railway Company brought a suit in equity against Slaght, who was in possession of the land which was the subject of the suit under a homestead patent, to have him decreed to be a trustee of the title to the lands for the use and benefit of the plaintiffs on the sole ground that at the date of the issuance of the patent the land was not, nor was it at the time Slaght applied to enter it as a homestead, public land, subject to settlement or entry under the land laws of the United States other than the grant of the land to the Northern Pacific Railroad Company of July 2, 1864 (13 Stat. 365), under which the plaintiffs claimed their title. The plaintiffs neither claimed nor pleaded any title or right to the land under any statute or theory, except that the land passed to them under the railway grant of July 2, 1864. Slaght demurred to the plaintiff's amended complaint, his demurrer was sustained, and a decree of dismissal of the suit was rendered. Thereafter the Northern Pacific Railway Company, which had succeeded to the rights to the land of the plaintiffs in the former suit, and had no other rights, brought an action of ejectment against Slaght on the ground that its predecessors in interest had a perpetual right of way over the land by virtue of Act March 3, 1875, c. 152, 18 Stat. 482 (U. S. Comp. St. 1916, §§ 4921–4926), a claim which had not been pleaded in the former suit. Defendant interposed the defense of res adjudicata. The railway company asserted that the estoppel of the former decree "extends only to the very point raised in the pleading, and does not bar another action based upon other facts"; that the effect of the decree was only to decide against the title specially set forth in the pleading; and that "in this action the right asserted is a perpetual easement or way by virtue of the act of 1875 through the lands involved in the former suit. Not only was this right not pleaded in the former complaint, but under it the title now asserted could not have been proved." Mr. Justice McKenna said:

"Is the decree in the suit res judicata? Against this effect of the decree the railway company urges that it was rendered on demurrer, and 'the estoppel extends only to the very point raised in the pleading, and does not bar another action based upon other facts.' The effect of the decree, it is insisted, was only to decide against the title specially set forth in the pleading. And further, 'in this action (that at bar) the right asserted is a perpetual easement or way by virtue of the act of 1875 through the lands involved in the former suit. Not only was this right not pleaded in the former complaint, but under it the title now asserted could not have been proved.' To sustain these conclusions the following authorities are cited: Wiggins Ferry Co. v. Ohio & M. R. Co., 142 U. S. 396, 410, 12 S. Ct. 188, 35 L. Ed. 1055, 1060; Gilman v. Rives, 10 Pet. 298, 9 L. Ed. 432; Freeman, Judgm. (4th Ed.) 267; Van Fleet, Former Adjudication, § 306, and following.

"The citations are not apposite to the present controversy. * * * The question as to such judgment when pleaded in bar of another action will be necessarily *its legal identity with such action.* (Italics supplied.) The general rule of the extent of the bar is not only what was pleaded or litigated, but what could have been pleaded or litigated. There is a difference between the effect of a judgment as a bar against the prosecution of a second action for the same claim or demand and its effect as an estoppel in another action between the same parties upon another claim or demand (Cromwell v. Sac County, 94 U. S. 351, 24 L. Ed. 195; Bissell v. Spring Valley Tp. supra [124 U. S. 225, 8 S. Ct. 495, 31 L. Ed. 411]; New Orleans v. Citizens' Bank, 167 U. S. 396, 17 S. Ct. 905, 42 L. Ed. 210; Southern P. R. Co. v. United States, 168 U. S. 1, 18 S. Ct. 18, 42 L. Ed. 355; Gunter v. Atlantic Coast Line R. Co., 200 U. S. 273, 26 S. Ct. 252, 50 L. Ed. 477; Deposit Bank v. Frankfort, 191 U. S. 499, 24 S. Ct. 154, 48 L. Ed. 276); and a distinction between personal actions and real actions is useful to observe. Herman, Estoppel, § 92. It is there said: 'Although there may be several different claims for the same thing, there can be only one right of property in it; therefore, when a cause of action has resulted in favor of the defendant, when the plaintiff claims the property of a certain thing there can be no other action maintained against the same party for the same property, for that would be to renew the question already decided, for the single question in litigation was whether the property belonged to the plaintiff or not; and it is of no importance that the plaintiff failed to set up all his rights upon which his cause of action could have been maintained; it is sufficient that it might have been litigated.'

"In United States v. California & O. Land Co., 192 U. S. 355, 24 S. Ct. 266, 48 L. Ed. 476, this principle was applied. In that case a decree rendered upon a bill in equity brought under an act of Congress to have patents for land declared void, as forfeited, and to establish the title of the United States to the land, was held to be a bar to a subsequent bill brought against the same defendants to recover the same land, on the ground that it was excepted from the original grant as an Indian reservation. And, speaking of the two suits, we said, by Mr. Justice Holmes: 'The best that can be said, apart from the act just quoted, to distinguish the two suits, is that now the United States puts forward a new ground for its prayer. * * *'"

In Dowell v. Applegate, 152 U. S. 327, 343, 14 S. Ct. 611, 617, 38 L. Ed. 463, 469, authorities now cited against the estoppel were considered as follows:

"* * * Our attention is called to the case of Cromwell v. Sac County, 94 U. S. 351 (24 [L. Ed.] 195); Russell v. Place, 94 U. S. 608 (24 [L. Ed.] 215); and Bissell v. Spring Valley Twp., 124 U. S. 231 ([8 S. Ct. 495] 31 [L. Ed.] 413). Those cases hold that a judgment by a court of competent jurisdiction as to parties and subject-matter is a finality in respect to the claim or demand in controversy, 'concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.' Thus, for example,' the court said in Cromwell v. Sac County, 'a judgment rendered upon a promissory note is conclusive as to the validity of the instrument and the amount due upon it, although, it is subsequently alleged that perfect defenses actually existed, of which no proof was offered, such as forgery, want of consideration, or payment. If such defenses were not presented in the action and established by competent evidence, the subsequent allegation of their existence is of no legal consequence. The judgment is as conclusive, so far as future proceedings at law are concerned, as though the defenses never existed.' * * * To these [cases cited] we may add the case of Stockton v. Ford, 59 U. S. (18 How.) 418 (15 [L. Ed.] 395), in which it was said: 'One of the questions now sought to be agitated again is precisely the same as this one in the previous suit, namely, the right of the plaintiff to the judicial mortgage under the execution and sale against Prior. The other is somewhat varied, namely, the equitable right or interest in the mortgage of plaintiff, as the attorney of Prior, for the fees and costs provided for in the assignment to Jones. But this question was properly involved in the former case; and might have been there raised and determined. The neglect of the plaintiff to avail himself of it, even if it were tenable, furnishes no reason for another litigation. The right of the respective parties to the judicial mortgage was the main question in the former suit. That issue, of course, involved the whole or any partial interest in the mortgage. We are satisfied, therefore, that the former suit constitutes a complete bar to the present.'"

In Yates v. Utica Bank, 206 U. S. 181, 27 S. Ct. 646, 51 L. Ed. 1015, Mr. Justice White declared that to determine whether a former judgment was conclusive the pleading in that case, and the decree or opinion, may be consulted for the purpose of ascertaining "what was concluded by the judgment upon demurrer"; that is, whether or not the judgment relied on and the second suit "involve different causes of action," or whether they "are identical."

The former decisions in Crowson v. Cody, 209 Ala. 674, 96 So. 875, same case, 211 Ala. 559, 100 So. 821, have been re-examined, and there is no departure therefrom. The insuffi-

ciencies of the bill are pointed out so far as concerns the sale of the lands as an execution of an alleged trust in behalf of equitable owners, or as a redemption from the pledge for want of an offer to pay to the pledgee the amount of his debt (209 Ala. 676, 96 So. 878); that neither a mortgagor nor a pledgor "can maintain a bill to compel the foreclosure of the mortgage or pledge" in response to grounds of demurrer that the bill was without equity—without equity in so far as it seeks a redemption of said real estate from Cody; without equity in so far as it seeks to hold him as a trustee for the benefit of complainant or Allison; does not set forth facts showing any usurious contract; does not show facts authorizing the reopening of the settlement and giving of the $16,500 note, etc., or that the note and mortgage of trustee was assigned as collateral; and challenges the right of accounting and discovery in equity. As a bill for the execution of the trust, it was held without equity. In the "aspect as a bill for accounting between mortgagor or pledgor and mortgagee or pledgee," the bill as amended was held to have "equity and may be maintained." The several matters of the attempt to impeach the settlement between Cody and Crowson, the charges of usury, the matter of rents and profits are indicated in the opinion, and the observation made (209 Ala. 678, 96 So. 879):

" * * * The only equity in the bill of complaint is the *equity to an accounting*. In order to maintain the bill for that purpose, it must be, by appropriate amendment, disincumbered of other inapt allegations and purposes; and in those parts which seek to falsify the settlement note the allegations must be amended to meet the requirements above stated, or they must be stricken from the bill." (Italics supplied.)

There was failure of compliance by due amendment after opportunity given in that case, and a decree of dismissal was affirmed in 211 Ala. 559, 100 So. 821, with a like observation to that contained in the opinion in 209 Ala. 678, 96 So. 875.

[13] Analogous to the procedure in federal court in Gilmer v. Morris, supra, by separate bill an "accounting between mortgagor or pledgor and mortgagee or pledgee" is sought in the instant suit on grounds or items indicated in the former suit to amend by separate bill after former dismissal and appeal and affirmance. This is contrary to the rule obtaining in this jurisdiction.

[14] This court will judicially notice issues presented in another case on its appeal. Cogburn v. Callier, 213 Ala. 38, 104 So. 328; N. C. & St. L. Ry. Co. v. Crosby, 194 Ala. 338, 70 So. 7; Terrell v. Nelson, 199 Ala. 436, 74 So. 929.

[15] In both suits were propounded interrogatories for discovery and as aid to an accounting as to the facts of the joint adventure and that res was drawn within the issues of the said respective pleadings. Each suit had for its object the same accounting, to relieve from all interest because of usury, for the opening of the former settlement evidenced by the note for $16,500, etc., to canvass the redemption from foreclosure by first mortgagee, to secure credit for profits from the joint adventure, to secure credit for the other property, charged in first bill, as that which Cody has which is "not mentioned in said mortgage as security for his indemnity," and which "he has not accounted for," and to require Cody to account for properties sold and for rents received from the Clarke county lands. Both pleadings contained special prayers looking to reduction of complainant's indebtedness to Cody and to secure from the latter the difference between that indebtedness and the present value of the mortgaged or pledged property; and both bills set up the same transactions or joint adventure effected by the several prayers for relief. The equity of the former bill was challenged by demurrer confessing the facts and going to the merits of the respective phases thereof. The two bills had the one object, which was the same, though the grounds or means to reach the same result were different. In each set of averred facts and under each prayer of the two bills the respective allegations are "simply different means to reach the same result" (Fugurul v. Rivera, 232 U. S. 371, 34 S. Ct. 411, 53 L. Ed. 642)—the right or claim to the possession and enjoyment by Crowson as a pledgor or as a mortgagor of the res drawn into each litigation, and after Cody's lawful claims thereon were discharged; in the first case by a sale of the property and a just application of the proceeds; in the last case by payment of the debt and discharge of the pledge and return of the property to plaintiff to be sold at his will. Although different claims in the same property are averred by complainant, "there can be only [is but] one right of property in" the res, and the single question in each litigation was what proportion or interest in that property belonged to the plaintiff under rules of law or equity. "It is of no importance that the plaintiff failed to set up all his rights upon which his cause of action could have been maintained; it is sufficient that it might have been litigated" (North. P. R. Co. v. Slaght, 205 U. S. 131, 27 S. Ct. 445, 51 L. Ed. 741) in the suit affirmed by this court in 211 Ala. 559, 100 So. 821; 209 Ala. 674, 96 So. 875; these former decisions not being departed from, it results that the judgment of the circuit court in equity is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.